[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER ON MOTION FOR CONTEMPT
On August 9, 1999, this Court entered an order on a motion for contempt in the above-captioned matter. On September 20, 1999, the Court held a hearing to judge compliance with its previous order. On October 18, 1999, the Court again held a hearing and took evidence on compliance with its previous order and with the previous injunction issued in this matter.
Following the hearing on October 18, at which Jack Michael filed an appearance but failed to appear for hearing, at which Michael's Garage, Inc., d/b/a Michael's Auto Salvage failed to have an appearance filed, and at which Jacqueline Michael appeared and was heard. The Court finds as follows.
1. The property had been inspected in July of 1999 and again on October 15, 1999. CT Page 14035
2. On October 15, 1999 in the area of the car crusher, there were several areas of soil staining and vehicle parts on the ground. There was no burm or improved concrete pad under the crusher. Some oily liquids were present on the deck of the crusher.
3. On October 15, 1999, numerous open containers of oil and gasoline were located around the property.
4. On October 15, 1999, although there was evidence that speedy dry, a clay absorbent, was in use, there was no evidence that after being placed on contaminated areas it was removed and disposed of.
5. A small pile of tires which had been located west of the crusher in July had been removed by October 15, 1999.
6. Four box trailers were located on the property in both July of 1999 and October of 1999. Two contained vehicle parts, one contained a blue plastic 55 gallon drum labeled antifreeze and one contained sixteen lead acid batteries inside a plastic pickup bed liner.
7. A large pile seen during previous inspections was estimated to contain between 30,000 and 40,000 tires. The evidence substantiates that 7,000 tires had been removed between the time of the inspection in July of 1999 and the date of the most recent inspection on October 15, 1999.
8. The premises contained a large debris pile in the northwest corner which included gas tanks, woods, tires and miscellaneous vehicle parts. That pile was smaller than it had been during the July inspection, but was still large and contained at least two dozen tires.
Ordered:
1. Defendants Michael's Garage, Inc., d/b/a Michael's Auto Salvage and Jack Michael and Jacqueline Michael, individually, are judged to continue to be in contempt of this Court.
2. On and after November 1, 1999, until such time as the defendants shall renovate the car crusher and its area to the satisfaction of the Commissioner, the defendants shall not CT Page 14036 operate the car crusher on the premises.
3. The defendants shall, not later than November 15, 1999, provide to the Commissioner a plan which allows the identification of each residential well located within a one-half mile radius of the defendants premises. From that plan, the Commissioner shall determine which residential wells appropriately require water testing. Defendants shall, within 45 days of receiving from the Commissioner a list of wells to be tested, cause such testing to be completed at the defendants' expense.
4. Defendant shall remove not less than 9,000 tires from the large tile pile not later than the third Monday in January in the year 2000.
5. Defendant shall remove or adequately cover all containers referred to in paragraph two of the findings herein.
6. This Court's previous order of June 15, 1999, that all requirements of the judgment be completed by December 17, 1999, is suspended until further order of this Court.
7. This Court shall continue jurisdiction and shall review defendants' progress in compliance with the order issued this day at a hearing to be held at 2:00 p. m. on the third Monday in January, 2000.
By,
Kevin E. Booth, J.